**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

L. JACQUELINE GILLARD

LISA JACQUELINE GILLARD

LISA J. GILLARD

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

EXECUTIVE COMMITTEE FOR THE

ILLINOIS APPELLATE COURT FOR THE

FIRST DISTRICT

**FILED**

G,MC

MAY 14 2026

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

**1:26-cv-05626**
**Judge Edmond E. Chang**
**Magistrate Judge Laura K. McNally**
**RANDOM / Cat. 2**

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

   X       **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
                **U.S. Code** (state, county, or municipal defendants)

                **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
                **28 SECTION 1331 U.S. Code** (federal defendants)

                **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| L. JACQUELINE GILLARD | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EXECUTIVE COMMITTEE FOR | ) | COMPLAINT |
| ILLINOIS APPELLATE COURT FOR | ) | |
| THE FIRST DISTRICT | ) | |
| | ) | |
| *Defendants.* | ) | |

Plaintiff, L. Jacqueline Gillard (a/k/a Lisa J. Gillard), by and through her own self-representation, file this complaint for declaratory and injunctive relief, and actual and punitive damages, and also court costs and fees against Defendants, Executive Committee for the Illinois Appellate Court for the First District, and alleges as follows:

## INTRODUCTION

1. Plaintiff L. Jacqueline Gillard, 59, is an Afro African American female-born citizen of the State of Illinois and United States of America; and she has a cognitive disability, dyslexia.

2. Plaintiff Gillard was subject to malicious prosecutions under former Alderman Edward M. Burke's (1:19-cr-00322) Democratic-machine by and through local and state government actors and employees in the Circuit Court of Cook County and conspiracy under federal laws.

3. Plaintiff Gillard under malicious prosecution, which lead to civil rights violations by these state actors, was denied her individual and constitutional rights under the law in county and state courts in Illinois.

-1-

4. To understand the devasting impact of having Burke's Democratic-machine violate her civil rights means to intentionally deny certain privileges under the United States Constitution.

5. On or about July 9, 2019, General Administrative Order, No. Order 2019 was issued by The Executive Committee at Illinois Appellate Court for First District in Illinois State against Plaintiff Lisa J. Gillard.

6. Since 2019, Plaintiff has been held hostage by and through the legal court systems and other local, county, and state government actors due to a corrupt system of state government because of her race and life-long charitable services at THE GILLARD INSTITUTE, INC.

7. On or about June 18, 2019, The Chicago Daily Law Bulletin (who is owned and controlled by The Philadelphia Tribune Company) published a news article captioned "Pro se litigant sanctioned for frivolous filing". Plaintiff neither consented nor authorized the news article.

8. Upon finding this news article published in The Chicago Daily Law Bulletin and posted on online via the global Internet, Gillard has suffered great harm and injury by state actors, mental anguish and anxieties overall, and other economic losses. Ms. Gillard, as a matter of principle and for the interests of justice, knows that all her civil and criminal cases were filed in good faith because all of her cases all have merit under the rule of law, despite prejudice by courts or opinions.

9. On or about August 28, 2025, Gillard filed a Motion for Reconsideration and Memorandum of Support on the General Administrative Order, No. Order 2019 that was issued by the Executive Committee at Illinois Appellate Court for First District in Illinois.

10. On or about October 1, 2025, Deputy Clerk Tina Schillaci returned Ms. Gillard's material-fact documents; and The Deputy Clerk requested that Ms. Gillard draft a letter directly to The Executive Committee for the Illinois Appellate Court for the First District.

-2-

11. On or about October 22, 2025, Defendants (The Executive Committee) denied Plaintiff Gillard's good faith request.

12. The Committee's conduct against Gillard is a direct violation of the state and federal laws, showing further evidences deliberate indifference seriously impacting the Plaintiff's life-long profession, health, safety, and overall quality of life. The Plaintiff, therefore, brings suit to force injunctive relief and damages of $3 (three) billion dollars, and all court costs and fees.

13. Without this good faith intervention from this federal Court, Plaintiff Gillard will continue to suffer harm and injuries by many local and state government actors and employees, and ordinary bystanders, who follow her through online business services and the global Internet.

## JURISDICTION AND VENUE

15. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (a). This Court has authority to grant declaratory relief under 28 U.S.C., §§ 2201 and 2202.

16. Venue is proper in this district under 28 U.S.C., § 1391 (b) because events giving rise to the claims are asserted in this complaint in this judicial district.

## PARTIES

### (Plaintiff)

17. Plaintiff L. Jacqueline Gillard has been a party to the Civil, Criminal, and Domestic Divisions in the Circuit Court for Cook County, Illinois. Gillard has in good faith attempted to resolve this state and federal Constitutional matter before The Committee because of the ongoing conspiracy to harm and injure her good faith name, character, and overall quality of life and other legal restrictions by State of Illinois employees under the Edward M. Burke Democratic-machine.

-3-

**(Defendants)**

18. The Executive Committee of the Illinois Appellate Court, First District ("The Committee"), consists of one judge from each of its divisions, elected annually to exercise general administrative authority over the district. The committee, which manages Cook County operations, elects a chair and vice-chair for a one-year term beginning September. The Executive Committee serves as the general administrative authority for this district.

## ALLEGATIONS

19. As of the date of the filing of this good faith complaint — seven years to the July 9, 2019 issuance of the General Administrative Order — Gillard's individual and constitutional rights under state and federal laws have been compromised by local and state actors, and bystanders. The Defendants ("The Committee") on public record are in clear violation of the U.S. Constitution.

## CLEAR VIOLATIONS OF CONSTITUTIONAL DUTY

20. Fifth Amendment of the United States Constitution: No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

21. Eighth Amendment of the United States Constitution: Cruel and Unusual Punishment. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

-4-

22. Fourteenth Amendment of the United States Constitution: Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## QUESTION BEFORE THE COURT

23. Do judges have a responsibility to protect the rights of minorities who have limited influence in society and the courts? If so, how much discretion will judges have in drafting such protections?

### I. The Executive Committee of the Illinois Appellate Court for the First District Has Abused Its Discretionary Authority Under the United States Constitution

24. The Executive Committee of the Illinois Appellate Court, First District ("The Committee"), consists of one judge from each of its divisions, elected annually to exercise general administrative authority over the district. The committee, which manages Cook County operations, elects a chair and vice-chair for a one-year term beginning September. The Executive Committee serves as the general administrative authority for this district.

25. On or about July 9, 2019, Ms. Gillard was issued a General Administrative Order, 2019-06 in the middle of trial court proceedings in the Circuit Court for Cook County, Illinois by The Executive Committee in the Appellate Court for the First District under Case No.: 1-18-2348.

26. On or about December 23, 2025, Gillard filed her Motion for a Supervisory Order in The Supreme Court of Illinois, Docket Number #132624.

27. On or about December 30, 2025, Justice Cunningham allowed Gillard's fee waiver.

-5-

28. On or about December 31, 2025, The Supreme Court of Illinois denied Gillard's Motion for Supervisory Order.

29. Ms. Gillard then sought a further appeal from The Supreme Court of Illinois for serious civil and human rights violations under state and federal rules and regulations.

30. On or about February 3, 2026, The Clerk for the Supreme Court Cynthia A. Grant returned all of Gillard's material-fact documents, stating that "[The] Executive Committee Order is not appealable pursuant to Supreme Court Rule 315" on public local and state records.

**II.  The Executive Committee for the Illinois Appellate Court for the First District Has Failed To Take Accountability for Gillard's Individual and Constitutional Rights, Which Makes Her Vulnerable to Further Harm and Injury by the General Public and Other State Actors as a Private Citizen**

31. Since 2019, Plaintiff Gillard, 59, has attempted in good faith to expunge wrongful and malicious criminal charges, and false reporting on domestic charge linked to wrongful and malicious criminal convictions, in which she was sentenced 10-days in Cook County Jail in part due to a General Administrative Order, No. Order 2019 by the Executive Committee at the Illinois Appellate Court for the First District in the State of Illinois.

32. The Defendants (The Executive Committee's) Order not only is an abuse its authority, and violation of Ms. Gillard's individual and constitutional rights. Rather, Ms. Gillard is continuously held hostage under the rule of in this most dangerously corrupt system of local and under the Illinois State Courts by the Edward M. Burke Democratic-machine due to her race and life-long charitable services at THE GILLARD INSTITUTE, INC.

33. Plaintiff Gillard contends that there is a reasonable belief that former Alderman Ed Burke either "hand-picked" most of these judiciary members or supported judicial appointments.

-6-

## DEMAND

38. On May 9, 2026, Plaintiff, by and through, her own self representation requested for an immediate review against The Executive Committee for the Illinois Appellate Court for the First District in the State of Illinois.

39. Plaintiff demands reinstatement of all civil and/or criminal trial proceedings on record.

40. Plaintiff demands the expungement of criminal cases battery and stalking on the record.

41. Plaintiff demands an expungement of the stalking by telephone in The Domestic Court.

42. Plaintiff demands actual, compensatory, and punitive damages of $3 billion dollars.

43. Plaintiff demands the State of Illinois to pay all court costs and fees on all records.

## COUNT I
### 42 U.S.C., Section 1983
**Deliberate Indifference Under Section 1983 Alleged by Gillard Against The Executive Committee for the Illinois Appellate Court for the First District Is Unconstitutional**

44. Plaintiff repeat and re-allege the preceding paragraphs as if fully set forth in this Count.

45. Plaintiff has been deprived and continue to be deprived by the Defendants of her individual and constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Despite this knowledge by refusal and denial of her rights and privileges under the federal rules and regulations, Defendants have failed to take reasonable measures to protect this Plaintiff and the classes that she represents.

46. Defendants failure to take appropriate steps to curb the harm and injury, which is a substantial threat to Gillard's overall health and wellness, economic stability and growth as described wholly in this good faith complaint, constitutes deliberate indifference to Plaintiff's rights to be free from cruel and unusual punishment. Defendants know of and are disregarding the serious harm and injury placed upon Plaintiff's overall quality of life and her safety on all records.

-8-

47. Plaintiff seeks injunctive and declaratory, and monetary relief against all Defendants to prevent the continued violation of the rights of Ms. Gillard and the classes, who she represents.

### COUNT II
**Americans with Disabilities Act ("ADA")**
**(Alleged by Gillard Against Defendants The Executive Committee for the Illinois Appellate Court for the First District)**

48. Plaintiff repeat and re-allege the preceding paragraphs as if fully set forth in this Count.

49. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." U.S.C., § 12132.

50. The Executive Committee for the Illinois Appellate Court for the First District, which is liable for unconstitutional acts, under Title II of the ADA. 42 U.S.C., § 12131. Gillard's disability is, and has been, impacted news article published in The Chicago Daily Law Bulletin and its overall damage to her good faith name, reputation, and character, coupled by the false conviction of a battery to a security guard by allegedly Edward Burke's Law Firm's Tax Client Northwestern Memorial Hospital and Prentiss Hospital and by the 10-day wrongful and false prison sentence for a false report of telephone stalking by a county employee Nanette C. Brookins, whose former husband is, and was, an alderman in Cook County.

51. Defendants The Executive Committee for the Illinois Appellate Court for the First District violated Title II of the ADA by holding Plaintiff hostage to dangerous circumstances, in which her lifelong public charitable services and private citizenship are threatened on a daily basis.

52. Plaintiff seeks injunctive and declaratory, and monetary relief against all Defendants to prevent the continued violation of the rights of Ms. Gillard and the classes, who she represents.

## PRAYER FOR RELIEF

Plaintiff prays that this Court award the following relief:

A.  Entry of an Order to Vacate the General Administrative Order issued July 9, 2019.

B.  Entry of a declaratory judgment, declaring that Defendants are in violation of Plaintiff's Individual and Constitutional Rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

C.  Grant an award of all court costs and fees.

D.  Grant an award of $3 (three) billion dollars for actual, compensatory, and punitive damages, and losses of potential wages and other earnings.

E.  Provide all further and additional relief as this Court deems just and proper.

Dated: May 9, 2026                    Respectfully submitted,

/s/ *[signature]*

L. Jacqueline Gillard, Pro Se Counsel
(a/k/a Lisa J. Gillard)
126 E. Chestnut Street
Chicago, IL (USA) 60611
E.: LJacquelineGillard@Gmail.Com

## CERTIFICATE OF SERVICE

The undersigned, by and through self-representation, certifies that she served the foregoing document upon all persons who have filed appearances in this case and named in this good faith complaint on May 9, 2026 by email (electronic-mail). Further, the undersigned certifies that all statements herein are true and accurate to the best of her knowledge and belief under the penalty of perjury.

Date: May 9, 2026

Respectfully submitted,

By:/s/ *[signature]*

L. Jacqueline Gillard, Pro Se Counsel
(a/k/a Lisa J. Gillard)

L. Jacqueline Gillard
(a/k/a Lisa J. Gillard)
126 E. Chestnut Street
Chicago, IL (USA) 60611
T.: 1 (773) 366-9661
E.: LJacquelineGillard@Gmail.Com

Clerk of the Appellate Court
First District
Office of the Clerk – Thomas D. Palella
160 North La Salle Street
Room 1400
Chicago, IL (USA) 60604
E.: EFile1stDistrict@IllinoisCourts.Gov



# L. JACQUELINE GILLARD
## CHICAGO

May 9, 2026

**Via U.S. Postal Service**
Clerk's Office
U.S. District Court for the Northern District of Illinois
219 South Dearborn Street
20th Floor
Chicago, IL (USA) 60604

In relations to:      L. Jacqueline Gillard
Lisa Jacqueline Gillard
Lisa J. Gillard
v.
Executive Committee
For the Illinois Appellate Court
For the First District

Dear Office of the Clerk:

Enclosed is (one) copy of the original complaint, filing fee of $405.00 (U.S. Postal Money Order), and (one) extra copy of the complaint to be file-stamped and mailed to, as follows:

L. Jacqueline Gillard
In care of – Ms. Lisa J. Gillard
Post Office Box 805993
Chicago, Illinois (USA) 60680

If there are any further concerns or questions, kindly contact me by email. I thank you for your attention to this good faith federal civil rights matter.

Warmest Regards,

Activist and Humanitarian
126 E. Chestnut Street
Chicago, Illinois (USA) 60611
E.: LJacquelineGillard@Gmail.Com

# SUPREME COURT OF ILLINOIS

[A-1]

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

CYNTHIA A. GRANT
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

December 23, 2025

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, IL 60601-3103
(312) 793-1332
TDD: (312) 793-6185

Lisa J. Gillard
126 East Chestnut Street
Chicago, IL 60611

In re: Gillard v. Executive Committee of the Appellate Court, First District
132624

Dear Lisa J. Gillard:

This office has received and filed as of December 23, 2025 the following in the above entitled cause:

Motion by Movant, pro se, for a supervisory order.

Any future filings or correspondence filed in the Supreme Court must include the Supreme Court case number on all documents.

Very truly yours,

Cynthia A. Grant

Clerk of the Supreme Court

cc: Appellate Court, First District



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

[A-2]

CYNTHIA A. GRANT
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

December 30, 2025

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, IL 60601-3103
(312) 793-1332
TDD: (312) 793-6185

Lisa J. Gillard
126 East Chestnut Street
Chicago, IL 60611

In re:    Gillard v. Executive Committee of the Appellate Court, First District
132624

Today the following order was entered in the captioned case:

Application by Movant, *pro se*, for waiver of court fees. <u>Allowed</u>.

Order entered by Justice Cunningham.

Very truly yours,

*Cynthia A. Grant*

Clerk of the Supreme Court

·IN·THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

[A-3]

| | |
|---|---|
| In the Matter of Lisa Gillard, aka Lisa J. Gillard. | Case No. 1-18-2348 |

## EXECUTIVE COMMITTEE ORDER

Lisa Gillard has filed the following civil cases in this court:

| CAPTION | | DATE FILED |
|---|---|---|
| 1-17-1083 | Gillard, Lisa J. v. City of Colleges of Chicago, et al. | 05/04/2017 |
| 1-17-2455 | Brookins, Nanette v. Gillard, Lisa J. | 10/13/2017 |
| 1-18-0922 | Gillard, Lisa J. v. Northwestern Memorial Hospital | 05/07/2018 |
| 1-18-1792 | Lisa I. Gillard v. Clarence Lewis Burch | 08/21/2018 |
| 1-18-1793 | Lisa J. Gillard v. Bendicto Caradang | 08/21/2018 |
| 1-18-2217 | Lisa J. Gillard v. C.E. McWilliams | 10/18/2018 |
| 1-18-2348 | Lisa J. Gillard v. Northwestern Memorial Hospital | 11/06/2018 |
| 1-18-2518 | Nanette Brookins v. Lisa J. Gillard | 12/04/2018 |
| 1-18-2520 | Lisa J. Gillard v. Panera Bread | 12/04/2018 |
| 1-18-2521 | Lisa J. Gillard v. Tom Dart | 12/04/2018 |
| 1-19-0657 | Lisa I. Gillard v. City Colleges | 04/05/2019 |

Most of the cases involve Ms. Gillard's dissatisfaction with civil proceedings that have occurred in the circuit court and the judges affiliated with those proceedings, as well as related orders of protection and criminal prosecutions. Additionally, most of the cases were dismissed for reasons such as lack of jurisdiction, failure to effect service and noncompliance with Illinois Supreme Court Rules.

In these cases, Ms. Gillard has a history of disobeying court orders and filing numerous motions that are repetitive and baseless. This has caused the expenditure of valuable time of the Presiding Justices and the Clerk's Office.

It is the judgment of the Executive Committee that reasonable and necessary restraints must be imposed upon Ms. Gillard's ability to file new civil cases and/or to file repetitive frivolous motions in the First District *pro se*. The civil cases that are currently open are affected by this order and shall proceed as follows.

IT IS HEREBY ORDERED BY THE EXECUTIVE COMMITTEE in its capacity as the supervisor of the assignment of cases, that -----

Case No. 1-18-2348

[A-4]

1) Ms. Lisa Gillard, or anyone acting on her behalf, is enjoined from filing any new civil action or proceeding or any further motions in the currently pending cases in the First District Appellate Court of Illinois without first obtaining leave by way of the following procedures:

a) Any documents, including all motions proposed to be submitted for filing by, or on behalf of Ms. Gillard, must be mailed by her to the Clerk of the court at 160 North LaSalle Street, Room S1400, Chicago, Illinois 60601. Any documents shall then be brought by the Clerk's Office to the Executive Committee for approval before filing.

b) Where the document submitted is a proposed appeal or a motion in an open case, it shall be accompanied by a motion captioned "Motion Seeking Leave to File Pursuant to Order of the Executive Committee." That motion shall, in addition to requesting leave to file an appeal or motion, include a sworn statement certifying that the claims raised by or on behalf of Ms. Gillard in the appeal or motion are new claims never before raised in the First District Appellate Court of Illinois.

c) If the Executive Committee enters an order denying leave to file the documents, the Clerk shall retain the order in a miscellaneous file with the title "In the matter of Lisa Gillard" and shall cause a copy of the order to be mailed to Ms. Gillard with any remaining copies of the submitted documents.

d) If the Executive Committee enters an order granting leave to file the documents, the Clerk will cause the materials to be stamped filed as of the date of the order and shall cause the case and/or motion to be assigned to a Justice of this court in accordance with the rules. The Clerk shall also cause a copy of the order to be mailed to Ms. Gillard.

2) Ms. Gillard's failure to comply with this order may, within the discretion of the Executive Committee, result in her being held in contempt of court and punished accordingly.

3) Nothing in this order shall be construed----

a) to affect Ms. Gillard's ability to defend herself in any criminal appeal, or

b) to deny Ms. Gillard access to the Illinois First District Appellate Court or the Illinois Supreme Court through the filing of a petition for a writ of habeas corpus or other extraordinary writ.

IT IS FURTHER ORDERED that any password issued to Ms. Gillard for access to the electronic filing system shall be disabled until further order of the court.

Page 2 of 3

Case No, 1-18-2348.

[A-5]

IT IS FURTHER ORDERED that the Clerk of the court shall cause to be created and maintained a miscellaneous file with the title "In the matter of Lisa Gillard." The miscellaneous file shall serve as the repository of this order and any order entered pursuant to this order. The Clerk will also maintain a miscellaneous docket associated with the file. All orders retained in the file will be entered on that docket following standard docketing procedures. A brief entry will be made on the docket indicating the receipt of any materials from Ms. Gillard.

IT IS FURTHER ORDERED that the Clerk shall cause a copy of this order to be mailed to Ms. Gillard at the following address which was listed by Ms. Gillard in cases currently pending and/or in cases pending in the Circuit Court of Cook County, Illinois:

> Ms. Lisa J. Gillard
> THE GILLARD INSTITUTE, INC.
> PO Box 805993
> Chicago, Illinois 60680-4121

Such mailing shall be by regular and certified mail, return receipt requested at the above listed address.

ENTERED:

_____
Justice Terrence Lavin, Chair, Executive Committee

_____
Justice Thomas E. Hoffman, Vice Chair, Executive Committee

_____
Justice

_____
Justice

_____
Justice

_____
Justice

ORDER ENTERED

JUL 0 9 2019

APPELLATE COURT FIRST DISTRICT

Page 3 of 3

[A–6]

(AMENDED COPY)

## AFFIDAVIT OF L. JACQUELINE GILLARD
### 1-25-1211

I, LISA J. GILLARD, under oath states:

With respect of all public records, L. JACQUELINE GILLARD (a/k/a LISA J. GILLARD) supports Motion Seeking Leave to File in Pursuant of the Court Order by Executive Committee for 30-day Motion for an Extension of Time in Illinois Appellate Court for the First District in County of Cook and in State of Illinois in regards to Illinois Human Rights Commission, Illinois Department of Human Rights, and Des Plaines Public Library, she states as follows:

Clerk of the Illinois Appellate Court
160 N. LaSalle Street, Suite 1400
Chicago, Illinois (USA) 60601

This affidavit is based on these facts:

1. Illinois Human Rights Commission made a decision on ALS 24-0437 on May 13, 2025.
2. Gillard under ALS 24-0437 was given 35 days to file a Petition for Review in Illinois Ct.
3. Gillard requested accommodations under ADA at Ill. App. Ct. by email on May 30, 2025.
4. Illinois Appellate Court for 1st District made decision on ADA request on June 13, 2025.
5. Illinois Appellate Court for 1st District granted Gillard permission file by electronic mail.
6. Gillard filed first Petition for Review under Il. Supreme Court Rule 335 on June 17, 2025.
7. Executive Committee for Ill. App. Ct. 1st Dist. granted Gillard Leave to File June 25, 2025.
8. Gillard filed for status on Petition for Review under Ill. S. Ct. Rule 335 on June 26, 2025.
9. Gillard filed The Docketing Statement and The Motion for Fee Waiver on June 26, 2025.
10. Gillard filed also the Motion for Fee Wavier on the incorrect Illinois Court Forms format.
11. Gillard filed Docketing Statement also on wrong ada1stdistrict@illinoiscourts.gov email.
12. Gillard emailed Ill. App. Ct. 1st Dist. for the status for Appellate Brief and Amicus Brief.
13. Illinois Appellate Court for 1st Dist. attorney responded to Gillard by email July 8, 2025.
14. Gillard completed correctly Motion for Fee Waiver Form and submitted on July 9, 2025.
15. Gillard files 30-day Motion for an Extension of Time under Rule 335 today for App. Br.

[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statement set forth herein are true and correct.

County of Cook
State of Illinois

FURTHER AFFIANT SAYTETH NOT

_Lisa J. Gillard_
Lisa J. Gillard

126 E. CHESTNUT STREET
Chicago, Illinois (USA) 60611
Email: LJACQUELINEGILLARD@GMAIL.COM

OFFICIAL SEAL
GEORGIA PICHINOS-ANDERSON
Notary Public, State of Illinois
Commission No. 904555
My Commission Expires November 19, 2027

State of Illinois
County of COOK
This instrument was acknowledged
before me on 07/10/2025
By Lisa J Gillard

[A–7]

Case No.: _____

## IN THE
## SUPREME COURT OF ILLINOIS

IN THE MATTER OF                          )
                                          )
                                          )
L. JACQUELINE GILLARD,                    )
                                          )          Case No.: 1-18-2348
     aka Lisa J. Gillard                  )
     aka Lisa Gillard                     )
                                          )
                                          )
     Movant                               )

### MOTION FOR SUPERVISORY ORDER

L. JACQUELINE GILLARD ("Movant") respectfully requests a supervisory order vacating the July 9, 2019 opinion by the EXECUTIVE COMMITTEE of the Illinois Appellate Court for the First District, and instructing the appellate court to remand all cases for a trial on the merits in the Circuit Court for Cook County, Illinois. Movant filed concurrently pleas for reconsideration in this matter, which was denied on October 22, 2025. As an alternative remedy, the extraordinary circumstances of these good faith cases also call for a supervisory order to ensure a prompt trial for the interests of justice.

1. The Constitution of the State of Illinois overwhelmingly declares that "[g]eneral administration and supervisory authority over all courts is vested in the Supreme Court. (*See:* Ill. Const. 1970, art. VI, Sec. 16.)

2. Under Rule 383, "[a] motion requesting the exercise of the Supreme Court's supervising authority shall be supported by explanatory suggestions and shall contain or has attached to it the

1

[A-8]

lower court records or other pertinent material that will fully present the issues. (*See:* Rule 383 (a)).

3. After stating the requirements for service, Rule 383 provides an expedited period for objection – seven (7) days when service of motion is made by facsimile or fourteen (14) days when service is made by mail or commercial carrier. In addition, Rule 383 allows an oral argument at the discretion of the Court. (*See:* Rule 383 (c) and Rule 383 (d)).

4. A supervisory order is warranted in this case (1) because a pattern of erroneous lower court decisions delaying justice and denying GILLARD her day in court is a matter critical to the administration of justice that cannot be adequately addressed through the normal appellate process and (2) to prevent the appellate court and trial court from acting beyond the scope of its authority. (*See: Bryant v. Bd. of Election Comm'rs of City of Chicago*, 224 Ill. 2d 473, 479 (2007)).

5. For example, in *People ex. rel. Daley v. Suria* (1986), a case that has not been overruled or questioned, the Supreme Court of Illinois under Rule 383 stated, as follows:

> "We may, under our supervisory order, require a trial court
>
> to vacate orders entered in excess of its authority or as an
>
> abuse of discretionary authority."

(*See:* 112 Ill. 2d 26, 38 (1986) (citing *People ex rel. Ward v. Moran*, 54 Ill. 2d 552 (1978); *Doherty v. Caisey*, 104 Ill. 2d 72 (1984)).

6. The *Suria* (1986) decision references the trial court directly even though most supervisory orders are used to direct some action in the appellate court. *Suria* provides that a supervisory order may be granted in any situation where a trial or appellate court acted in excess of its authority or abused its discretionary authority. (*See: People ex rel. Birkett v. Bakalis*, 196 Ill.

2

[A–9]

2d 510, 513 (2001) (citing *People v. Harden*, 191 Ill. 2d 545 (2000) (petition for leave to appeal denied court exercised supervisory authority to vacate judgment of the appellate court and remand with directions to reconsider its judgment in light of another recent opinion.)). *Suria*, 112 Ill. 2d at 38.

7. Rule 383 motions must be fully considered as an imperative means to overturn any court order that cannot be effectively and timely challenged through the normal appellate process, where the dispute involves a matter important to the administration of justice, or Supreme Court intervention is necessary to prevent a trial or appellate court from actin beyond the scope of its authority. (*See: People ex rel. Bowman v. Woodward*, 61 Ill. 2d 231, 232 (1974) (entering supervisory order to vacate a trial court order that directed that certain grand jury testimony transcribed.).

WHEREFORE Movant L. JACQUELINE GILLARD respectfully requests after a thorough and just review of exculpatory and/or material fact evidence by way of documents on local, state, federal, and international records that the Supreme Court of Illinois issue a supervisory order instructing the Illinois Appellate Court and the Circuit Court for Cook County, Illinois to remand and set all cases for a new trial.

Respectfully submitted,

Lisa J. Gillard
Movant – PRO SE
126 East Chestnut Street
Chicago, Illinois (USA) 60611
Email: LJacquelineGillard@Gmail.Com

Sworn to and subscribed before me on

December 18, 2025

Notary Public Kim M. Gallo

OFFICIAL SEAL
KIM M GALLO
Notary Public, State of Illinois
Commission No. 977577
My Commission Expires September 6, 2027

3

[A-10]

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on December 18, 2025, I filed a Motion for Supervisory Order, coupled with

an APPENDIX with total pages __66__ under Rule 383 by way of the United States Postal Service

(USPS) at

CLERK OF THE SUPREME COURT
Attn.: Cynthia A. Grant
State of Illinois
200 East Capitol Avenue
Springfield, Illinois (USA) 62701-1721

I further certify that other participants were also served – THE EXECUTIVE COMMITTEE – at

the Illinois Appellate Court for the First District by way of email at

CLERK OF THE APPELLATE COURT
FIRST DISTRICT
Office of the Clerk – Thomas D. Palella
160 North LaSalle Street, Room 1400
Chicago, Illinois (USA) 60601
Email: EFile1stDistrict@IllinoisCourts.Gov

Under the penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil

Procedure, I certify that the statements set fort in this instrument are true and correct to the best of

my knowledge, information, and belief.

Respectfully submitted,

Lisa J. Gillard
Movant – PRO SE
126 East Chestnut Street
Chicago, Illinois (USA) 60611
Email: LJacquelineGillard@Gmail.Com

Sworn to and subscribed before me on

December 18, 2025.

Notary Public Kim M. Gallo

OFFICIAL SEAL
KIM M GALLO
Notary Public, State of Illinois
Commission No. 977577
My Commission Expires September 6, 2027

4

[A-11]

## IN THE
## SUPREME COURT OF ILLINOIS

IN THE MATTER OF      )
                      )
L. JACQUELINE GILLARD,     )
                      )
    aka Lisa J. Gillard       )    Case No.: 1-18-2348
    aka Lisa Gillard         )
                      )
    Movant             )

### APPENDIX

| | | |
|---|---|---|
| 1. Letter to Petitioner | Clerk's Office<br>Illinois Appellate Court for First District | June 13, 2025<br>(2 pp.) |
| 2. Executive Committee Order | Illinois Appellate Court for First District<br>Case No.: 1-18-2348 | July 9, 2019<br>(3 pp.) |
| 3. Petitioner | Motion Seeking Leave to File | July 14, 2205<br>(3 pp.) |
| 4. Executive Committee Order | Motion for Leave, Petition for Review | Aug. 28, 2025<br>(1 pp.) |
| 5. Petitioner | Motion for Reconsideration | Aug. 28, 2025<br>(4 pp.) |
| 6. Petitioner | Memorandum of Support for Motion | Aug. 29, 2025<br>(11 pp.) |
| 7. Letter to Petitioner | Chief Deputy Clerk Schillaci<br>Illinois Appellate Court for First District | Oct. 1, 2025<br>(1 pp.) |
| 8. Petitioner | Letter to the Clerk for the Court | Oct. 1, 2025<br>(1 pp.) |
| 9. Letter to Petitioner | Executive Committee<br>Illinois Appellate Court for First District | Oct. 22, 2025<br>(1 pp.) |
| 10. "Pro Se" in the News | Chicago Law Bulletin | Jun. 18, 2019<br>(4 pp.) |
| 11. Gillard v. Brookins | 17-2455 Civil Trial Case Record | Apr. 23, 2018<br>(28 pp.) |

Case: 1:26-cv-05626 Document #: 1 Filed: 05/14/26 Page 24 of 34 PageID #:24
The City's No. 1 Source for the Law Profession

[A-12]

# Chicago Daily Law Bulletin.

Serving the profession since 1854

June 18, 2019

# Pro se litigant sanctioned for frivolous filings

By David Thomas
dthomas@lawbulletinmedia.com

A state appeals panel on Friday sanctioned a pro se litigant who is infamous for filing dozens of frivolous lawsuits and has harassed court employees and accused judges of being corrupt and mentally ill.

The 1st District Appellate Court ordered that any appeal filed by plaintiff Lisa J. Gillard will be accepted but automatically stayed until the court can determine whether the appeal is frivolous. The parties Gillard has sued will not have to respond unless ordered by the appellate court.

"Keeping in mind that the law recognizes the principles of progressive discipline, nothing in this opinion should be construed as limiting the power of this court or a circuit court from imposing additional or different sanctions against Gillard in future cases," Justice Mathias W. Delort wrote.

"We implore Gillard to use the resources available to self-represented litigants to obtain advice regarding how she should proceed to resolve disputes in the future," Delort wrote.

In doing so, the 1st District panel is seeking to strike a balance between a plaintiff's constitutional right to file an appeal and Gillard's more than 20 years of filing frivolous lawsuits, accusing judges of bias and engaging in judicial forum shopping.

The appellate court considered issuing monetary sanctions against Gillard, but the court expressed doubt that Gillard "can, or would, pay such assessments." However, the 1st District panel will make it much more difficult for Gillard to file a fee waiver in the future.

[A-13]

If she files a fee waiver, Gillard will be required to list her actual address on the waiver — all of her court filings list her address as a Chicago post office box as well as verified copies of her last two annual state and federal income tax returns.

The panel noted Gillard received fee waivers during trial proceedings even though she listed no income, expenses or government assistance in her applications.

Gillard's conduct has led to criminal convictions — the 1st District panel noted that she has been arrested and convicted of battery against a Northwestern Memorial Hospital security guard, stalking and telephone harassment of a Cook County court reporter and resisting arrest by Cook County sheriff's deputies.

The 1st District panel's sanctions order against Gillard came as the appellate court dismissed five appeals Gillard filed in separate lawsuits, four of which were tangentially related to one key event — Gillard on Sept. 26, 2016, shoved a security guard at Northwestern Memorial Hospital after she was asked to leave for harassing the guard's co-workers.

"The legal ramifications of this altercation are difficult to overstate," Delort wrote. "That event set off a series of lawsuits resulting in at least 10 criminal and civil appeals before this court."

In each lawsuit, Gillard failed to follow court rules regarding how briefs should be written, filed multiple motions to switch judges and refused to appear in court. In her "prodigious appellate practice," she has repeatedly failed to follow the Illinois Supreme Court rules.

"Gillard has yet to file before this court a single appellate brief that consistently and properly cites the record," Delort wrote.

The appellate court's sanction order was in the only opinion released on Friday concerning Gillard's lawsuits. Gillard sued Northwestern Memorial Hospital, Northwestern Medicine Prentice Women's Hospital, Starbucks and two private security companies, accusing them of lying about the Sept. 26, 2016, incident.

Gillard was convicted of battering the hospital guard. For her appeal, she contacted a court reporter to obtain the transcripts of her bench trial. During this time, she made dozens of phone calls and "left a score of voicemail messages."

Case: 1:26-cv-05626 Document #: 1 Filed: 05/14/26 Page 26 of 34 PageID #:26

[A-14]

Gillard's conduct eventually led to charges of stalking and telephone harassment, both of which were upheld by 1st District panels. She sued Cook County Sheriff Thomas J. Dart after sheriff's deputies arrested her for telephone harassment in September 2017.

She also sued the deputies themselves as well as Cook County Board of Commissioners President Toni Preckwinkle and Lisa M. Madigan, the attorney general at the time, alleging police brutality.

Her lawsuits against the Cook County sheriff's deputies led to every judge in the Cook County Circuit Court's Law Division to recuse themselves from overseeing Gillard's many lawsuits. By May 2018, all of her cases had been assigned to Circuit Judge Clare Elizabeth McWilliams.

McWilliams eventually dismissed all of Gillard's lawsuits, which led to Gillard suing McWilliams, accusing her of being "'mentally ill,' thereby, 'mentally unfit' to serve in any capacity of the judiciary in Cook County or any another jurisdiction in North America or abroad."

Apart from the Northwestern lawsuit, the 1st District panel dismissed the other three lawsuits through Rule 23 orders. The fifth lawsuit the appellate court dismissed was a $51 million demand against Panera Bread, accusing them of harassing and removing her from one of its locations.

In her lawsuit against Preckwinkle and the attorney general, Gillard included "several pages of laudatory descriptions of [herself] as, among others, an activist, writer, collaborator with state officials and as someone who devotes 'her individual and private support for our esteemed U.S. President Donald J. Trump, Sr., as a Special Adviser for Minority and Indigent Relations,'" Delort wrote.

Gillard, who sometimes goes by L. Jacqueline Gillard, is the founder, chairman, CEO and executive director of The Gillard Institute Inc., a nonprofit organization that lost its federal tax-exempt status in 2011, according to Internal Revenue Service records.

She did not return a request for comment.

The Daily Law Bulletin reached out to the attorneys and spokespersons of the defendants in Gillard's five cases. They did not return requests for comment.

Justices Maureen E. Connors and Sheldon A. Harris concurred with all five court decisions.

2/21/24, 9:19 AM
Case: 1:26-cv-05626 Document #: 1 Filed: 05/14/26 Page 27 of 34 PageID #:27
The City's No. 1 Source for the Law Profession

[A-15]

The cases are *Lisa J. Gillard v. Northwestern Memorial Hospital, et al.,* 2019 IL App (1st) 182348; *Lisa Gillard v. Benedicto Caradang, et al.,* 2019 IL App (1st) 181793-U; *Lisa Gillard v. Clare Elizabeth McWilliams,* 2019 IL App (1st) 182217-U; *Lisa J. Gillard v. Panera LLC, et al.,* 2019 IL App (1st) 182520-U; and *Lisa J. Gillard v. Thomas J. Dart,* 2019 IL App (1st) 182521-U.

©2024 by Law Bulletin Media. Content on this site is protected by the copyright laws of the United States. The copyright laws prohibit any copying, redistributing, or retransmitting of any copyright-protected material. The content is NOT WARRANTED as to quality, accuracy or completeness, but is believed to be accurate at the time of compilation. Websites for other organizations are referenced at this site; however, the Law Bulletin Media does not endorse or imply endorsement as to the content of these websites. By using this site you agree to the Terms, Conditions and Disclaimer. Law Bulletin Media values its customers and has a Privacy Policy for users of this website.



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

[A-16]

CYNTHIA A. GRANT
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

December 31, 2025

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, IL 60601-3103
(312) 793-1332
TDD: (312) 793-6185

Lisa J. Gillard
126 East Chestnut Street
Chicago, IL 60611

In re: Gillard v. Executive Committee of the Appellate Court, First District
132624

Today the following order was entered in the captioned case:

Motion by Movant, *pro se*, for a supervisory order. Denied.

Order entered by the Court.

Very truly yours,

Cynthia A. Grant

Clerk of the Supreme Court

cc: Appellate Court, First District



[A-17]

# SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

CYNTHIA A. GRANT
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, Illinois 60601-3103
(312) 793-1332
TDD: (312) 793-6185

February 3, 2026

Lisa J. Gillard
126 E. Chestnut Street
Chicago, Illinois 60611

Re: Gillard v. Executive Committee of the Appellate Court, First District

Dear Ms. Gillard:

This letter acknowledges receipt of your *pro se* petition for leave to appeal on January 15, 2026, which is being returned to you unfiled.

The Appellate Court, First District's executive committee order is not an appealable order pursuant to Supreme Court Rule 315.

Very truly yours,

Cynthia A. Grant

Clerk of the Supreme Court

CAG:ma
Enclosure

~~132624~~                                                              [A-18]

IN THE
SUPREME COURT OF ILLINOIS

**RECEIVED**

JAN **15** 2026

CLERK
SUPREME COURT

IN THE MATTER OF                              )
                                              )
                                              )
L. JACQUELINE GILLARD,                         )
                                              )    Case No.: 1-18-2348
    aka Lisa J. Gillard                       )
    aka Lisa Gillard                          )
                                              )
                                              )
    Movant                                    )

---

## PETITION FOR LEAVE TO APPEAL

---

L. Jacqueline Gillard
aka Lisa J. Gillard
aka Lisa Gillard

126 East Chestnut Street
Chicago, Illinois (USA) 60611
Tele.: 1 (773) 366-9661
Email: LJacquelineGillard@Gmail.Com

*Counsel for Plaintiff-Appellant pro se*

---

ORAL ARGUMENT REQUESTED IF PETITION IS GRANTED

---



[A-19]

CLERK'S OFFICE
APPELLATE COURT FIRST DISTRICT
STATE OF ILLINOIS
160 NORTH LASALLE STREET, RM S1400
CHICAGO, ILLINOIS 60601

THOMAS D. PALELLA
CLERK

October 1, 2025

Sent by U.S. Mail and Electronic Mail

Ms. L. Jacqueline Gillard
126 East Chestnut
Chicago, IL 60611

Dear Ms. Gillard:

Enclosed and being returned to you are the following documents: Motion Seeking Leave to File Pursuant to Order of the Executive Committee Entered on July 9, 2019; Motion for Reconsideration of the Executive Committee Order Dated August 28, 2025; and Memorandum in Support of Motion for Reconsideration of the Executive Committee Order Dated August 28, 2025. These documents are being returned to you because there is no authority in the July 9, 2019, Executive Committee Order for reconsidering the denial of a request for leave to file an appeal.

If you want to ask the Executive Committee to reconsider or amend their July 9, 2019 Order, you cannot do that by filing a Notice of Appeal or by a request for reconsideration. To do that, you must send a letter addressed to the Executive Committee with any documentation attached. That letter may be sent via U.S. mail to our office or by using the EFile email address (efile1stdistrict@IllinoisCourts.gov).

Yours truly,

Tina Schillaci
Chief Deputy Clerk

[A-20]



# L. JACQUELINE GILLARD
## CHICAGO

October 1, 2025

**Via Email and Facsimile**
Executive Committee
Attn.: Tina M. Schillaci, Deputy Clerk
Clerk's Office
Illinois Appellate Court, First District
160 N. La Salle Street
Chicago, Illinois (USA) 60601
T.: 1 (312) 793-5950; E.: efile1stdistrict@illinoiscourts.gov

Dear Honorable Executive Committee:

In pursuant of the communication today by Chief Deputy Clerk Tina M. Schillaci, a letter must be sent to the Illinois Appellate Court for the First District in reference to any reconsiderations or amendments of the Executive Committee Order dated on July 9, 2019, respectively.

Twenty first century civil society demands that our appointed and elected officials operate under the highest levels of integrity, fairness, and transparency. Despite the misguidance through and around this Court, I, too, believe that there is a sincere effort under the rule of law to "right, wrongs." I cannot imagine any Court under the rule of law as a matter of principle, who would continue to abuse its authority by intentionally and willfully denying individual and constitutional rights to any person, entity, or nation as to redress "good faith" grievances. With this said, there are further material documents resubmitted today before this esteemed Court sincerely seeking reconsiderations for the interests of justice. In our God—the Creator—as always, we trust.

If there are any further concerns or questions, kindly contact me by email. Responsible leadership therefore is leadership by example.

Warmest Regards,

L. Jacqueline Gillard | Humanitarian
126 E. Chestnut Street
Chicago, Illinois (USA) 60611
E.: LJacquelineGillard@Gmail.Com

Executive Committee

[A-21]



## STATE OF ILLINOIS
## APPELLATE COURT

### 160 North LaSalle Street
### Chicago, Illinois 60601

*Via Email and U.S. Mail*

L. Jacqueline Gillard
126 E. Chestnut Street
Chicago, IL 60611
LJacquelinegillard@gmail.com

October 22, 2025

Dear Ms. Gillard:

The Executive Committee of the Illinois Appellate Court, First District, is writing this in response to the letter that you sent on October 1, 2025, requesting that the Committee reconsider or amend its order dated July 9, 2019, which referenced the many cases that you had pending in this court at that time and which required you, going forward, to seek Executive Committee screening before initiating any new civil appeals or filing further motions in your then-pending appeals. The Committee has carefully reviewed your letter, the documents in support of that letter, and the history leading the Committee to impose these restrictions, and has determined that the July 9, 2019, order should remain in place at this time.

As you are aware, that order does not preclude you from filing cases in the Appellate Court. You are in fact currently pursuing an appeal (No. 1-25-1211, Jacqueline Gillard v. Illinois Human Rights Commission), having obtained the necessary screening by the Executive Committee before doing so.

As you are also aware, that order does not require that you obtain Executive Committee screening to file motions in that new appeal, as you have already filed two motions in that case. You must, however, continue to seek screening by the Executive Committee to file any new appeals, following the steps outlined in the July 9, 2019, order.

Thank you for your ongoing cooperation in this matter.

Sincerely,
Executive Committee
Illinois Appellate Court, First District

# UNITED STATES
# POSTAL SERVICE®

PRIORI
MAII




Retail

U.S. POSTAGE PAID
PM
CHICAGO, IL 60699
MAY 09, 2026

60604

$11.00

RDC 03    0 Lb 12.90 Oz    S2324E501627-09

L. JACQUELINE GILLARD
THE GILLARD INSTITUTE, INC.
PO BOX 805993
CHICAGO, IL (USA) 60680

RECEIVED

MAY 14 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

U.S. DISTRICT COURT
OFFICE OF THE CLERK
219 SOUTH DEARBORN STREET
20TH FLOOR
CHICAGO, IL (USA) 60604



G ENVELOPE
AND INTERNATIONAL USE